IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MITCHELL P. GEDID, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0073 |
| | ) | Judge David S. Cercone |
| BERNARD L. FIRMAN; | ) | Magistrate Judge Lisa Pupo Lenihan |
| PENNSYLVANIA NIGHTCLUBS, INC., | ) | |
| d/b/a CLUB ZOO; STEVE MESCAN, in | ) | |
| his official and individual capacities; | ) | |
| EDWARD CUNNINGHAM, in his official | ) | |
| and individual capacities; CITY OF | ) | |
| PITTSBURGH; PITTSBURGH BUREAU | ) | |
| OF POLICE; and DEPT. OF PUBLIC | ) | |
| SAFETY, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Defendants' Motions to Dismiss be granted.

### II.  REPORT

This is an action brought by *pro se* Plaintiff Mithcell P. Gedid ("Gedid") against

Defendants for alleged civil rights violations and other tortious conduct arising from a traffic stop

and detention of Plaintiff by Defendant Pittsburgh police officers Steve Mescan and Edward Cunningham (the "Officer Defendants") on the basis of - and for a time period sufficient to investigate Defendant Bernard L. Firman's assertions regarding - a previous court-ordered restriction on Plaintiff's contact with Firman.

Because Plaintiff has not adequately pled a violation of his §1983 constitutional rights where his Amended Complaint reports a traffic stop founded on articulable and reasonable suspicion, has failed to allege a cause of action under the equal protection provisions of §1985; has failed to allege a cause of action under any of the state law tort claims raised; and has raised claims against Defendants entitled to qualified immunity and/or immunity under the Political Subdivisions Tort Claims Act; Defendants' Motions to Dismiss should be granted.

### A.  Statement of Facts and Procedural History

Plaintiff Gedid and Defendant Firman have an acrimonious history which Gedid ascribes to his work as "editor-in-chief and a reporter and photographer for a news organization knows as 'CLUB DRAMA' which gathers and publishes investigative news reports and facts critical of" Firman and his employer, Defendant nightclub Club Zoo.  Amended Complaint at ¶ 4.

On April 17, 2006, in a civil action filed by Plaintiff against Firman and his son, Christopher - and alleged to arise from Firman's physical attack on, and use of teargas against, Gedid in an altercation that March - Judge O'Reilly entered a restraining order requiring Firman to refrain from contact with, and to stay at least 1,000 feet away from, Gedid.  See Amended

Complaint at ¶ 18, Exhibit B (Order of the Court of Common Pleas of Allegheny County, Case No. GD-06-6569).[1]

Defendants allege, and Plaintiff does not deny, that sometime thereafter, but prior to July 2, 2006, Pittsburgh Magisterial District Justice Oscar Petite issued a verbal order in his Courtroom - directed to Plaintiff Gedid, Defendant Firman, and others - imposing reciprocal requirements that the parties stay at least 1,000 feet away from each other.  See Brief in Support of Joint Motion to Dismiss at 3-4; compare Amended Complaint at 8 (asserting that "no such *valid or legally enforceable* court order exists") (emphasis added); id. at 26 (asserting that the Defendant Officers "knew or should have known that any alleged oral statement from a District Justice, unaccompanied by anything in writing, . . . could not constitute a formal restraining order to be enforced").[2]

On July 2, 2006, Defendant Officer Mescan was off-duty and working a "security detail" at Club Zoo, located on Smallman Street in the City of Pittsburgh.  Defendant Officer Cunningham was on duty and present (in response to a call) at the time of the incident underlying Plaintiff's Complaint.  At approximately 12:30 a.m., Gedid - in response to a "tip" of trouble at the club - drove slowly down Smallman Street, directly opposite Club Zoo, and began to take photographs of activities/individuals outside the club.  He was observed by the Officer

---

1.  Firman was also criminally charged by the Blawnox Borough Police for threats, harassment, criminal mischief and disorderly conduct.  See Amended Complaint at ¶ 18.

2.  Firman also alleged to the Officers that District Justice Petite had order Gedid to remove his "Club Drama" website.  See Amended Complaint Exhibit C at 2 (police investigative report).

Defendants, and Firman alleged to Officer Mescan that Gedid was in violation of District Justice Petite's restraining order.

Gedid departed the club and, on the allegations of a restraining order violation, Officer Cunningham pursued him while Officer Mescan accompanied Firman to obtain evidence of Justice Petite's order.  Officer Cunningham then stopped Gedid, procured his driver's license and vehicle keys, and detained Gedid and his passenger for approximately 45 minutes.  See Amended Complaint at ¶¶ 24-34, Complaint Exhibit C (police incident report).  During this time, Officer Cunningham allegedly threatened Gedid with arrrest for violation of the restraining order and harassment, and cautioned Gedid against returning to the location in future.  Plaintiff makes no allegation that he was arrested, handcuffed, or charged with any crime, nor does the police report indicate anything other than limited detention and questioning pending investigation of the court order.

On the above basis, Plaintiff brought this action in federal court alleging conspiracy to violate and deprivation of his right to freedom of speech under the First and Fourteenth Amendments, citing 42 U.S.C. § 1985 and 42 U.S.C. § 1983 (Counts I and IV, respectively); conspiracy to violate and deprivations of his right to freedom from unreasonable seizure (Count II and III, respectively); and failure to prevent conspiracy and acts of deprivation of Plaintiff's civil rights under 42 U.S.C. § 1986 (Count V).  He further alleges state tort claims for false imprisonment (Count VI); intentional infliction of emotional distress (Count VII); invasion of privacy (Count VIII); and gross negligence against Defendant Club Zoo (Count IX).

Officer Defendants and the City Defendants (City of Pittsburgh, Pittsburgh Bureau of Police, and Department of Public Safety) filed their Joint Motion to Dismiss in February, 2007, as did Defendants Firman and Club Zoo.  Plaintiff has failed to respond to either Motion and has undertaken no further action in this case since the Court denied his Motion for Preliminary Injunction on February 13, 2007.

### B.  Standard on Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if the complaint fails to set forth sufficient facts to state a claim to relief that is plausible on its face.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (May 21, 2007).  In ruling, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  The court will not, however, accept unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations.  Cannon v. United States, 322 F.Supp.2d 636, 637 (W.D. Pa. 2004).

### C.  Analysis

As noted *supra*, Plaintiff has failed to respond to either of the Defendants' Motions to Dismiss. And the infirmities of Plaintiff's *pro se* Amended Complaint are many; among them:

Although Plaintiff brings claims under 42 U.S.C. § 1985 (and the related provisions of § 1986), an actionable conspiracy thereunder must be alleged to have as its purpose a deprivation of "equal protection of the laws, or of equal privileges and immunities under the laws."  Plaintiff

makes no such allegation of any racial or other discriminatory animus.  See, *e.g.*, Griffin v.

Breckenridge, 403 U.S. 88, 102-03 (1971).

      Although Plaintiff brings claims under 42 U.S.C. § 1983, he fails to allege facts sufficient

to support any cause of action where such claims are premised on a traffic stop made on

articulable and reasonable suspicion that Gedid was engaged in unlawful activity.  See Delaware

v. Prouse, 440 U.S. 648, 663 (1979); Terry v. Ohio, 329 U.S. 1 (1968).  Notwithstanding

Plaintiff's assertions that the Officers should have known that the District Justice was without

authority to issue an oral mutual "No-Contact" order - and even assuming *arguendo* Plaintiff to

be correct as to the validity of the underlying oral order, a reasonable officer could believe that

the order alleged was valid and enforceable, and a mistake of fact or law of this nature does not

render a traffic stop unreasonable or unconstitutional.  See Joint Motion to Dismiss at 4; Brief in

Support at 7-8 (citing 18 Pa.C.S.A. § 4954, authorizing any court with jurisdiction over a

criminal matter to issue a protective order prescribing geographic distances); Whren v. United

States, 517 U.S. 806 (1996) (holding that officer "need only produce facts establishing that she

reasonably believed that a violation had taken place"); United States v. Delfin-Colina, 464 F.3d

392, 399 (3d Cir. 2006) (concluding that a "mistake of law is only unreasonable when the officer

does not offer facts that objectively show that the identified law was actually broken"; only in the

absence of such facts is an officer's "subjective understanding of the law at issue . . . relevant").

Similarly, notwithstanding Plaintiff's assertions that his detention was an unconstitutional

curtailment of his rights as a "newsreporter", the rights of the press create no special immunity

from law enforcement (*i.e.*, enforcement of a restraining order).  See generally Cohen v. Cowles

Media Co., 501 U.S. 663, 669-70 (1991). Under the facts alleged, the officers were clearly acting

under a reasonable suspicion of criminal activity, providing justification under Terry for Gedid's

detention for a reasonable period of time, *i.e.*, so long as was necessary to effectuate the purpose

of the stop.  See Terry, *supra*; United States v. Banks, 2007 WL 128005 (W.D. Pa. 2007) (noting

that the courts give considerable deference to a police officer's determination of reasonable

suspicion).[3]

      As to the state law claims, Plaintiff has failed to allege facts sufficient to maintain claims

of false imprisonment, intentional infliction of emotional distress, invasion of privacy, or gross

negligence where, as here, such claims are premised solely on a limited and minimally-intrusive

traffic stop made on articulable and reasonable suspicion.  In addition, the City Defendants would

be entitled to immunity under the Political Subdivisions Tort Claims Act, 42 Pa.C.S.A. §§ 8541-

64.  See Brief in Support at 18-20.[4]

      Finally, the Report notes that, were the entire action not subject to dismissal for failure to

state a valid claim, as this Report concludes it to be, the action would be appropriate for

---

3.   In addition, even if Plaintiff had properly alleged a constitutional violation, which he has not, the Officer Defendants would be entitled to qualified immunity as to their on-site detention of an individual suspected of violating a protective order for a time period sufficient to investigate, and as to their cautioning of the detainee against subsequent violation of a court order.  See, *e.g.*, Capone v. Marinelli, 868 F.2d 102, 104 (3d Cir. 1989) (holding that officers who "reasonably but mistakenly" conclude that their conduct comports with constitutional requirements are entitled to immunity).

4.   Were any of the state law claims maintainable, the Report would recommend that this Court decline to exercise supplemental jurisdiction in the absence of a federal claim.

dismissal owing to Plaintiff's apparent abandonment.  See, *e.g.*, Gonzales-Cifuentes v. U.S. Dept. of Homeland Sec., 2007 WL 1674531 (D.N.J. June 07, 2007) (concluding that *pro se* plaintiff who failed to respond to defendants' motions to dismiss had abandoned his case, and granting dismissal); Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d. Cir. 1994) (discussing factors to be considered in dismissal for failure to prosecute).


### III.  CONCLUSION

For the reasons aforesaid, it is recommended that the Defendants' Motions to Dismiss be granted and the action dismissed in accordance with Rule 12(b)(6).

In accordance with the Magistrate Judges Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


 /s/ Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge


Dated: August 24, 2007

8